UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-cr-165 (JRT/LIB) (8) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Willie Bellamy, Jr., | |
| Defendant. | |

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(A), upon the Defendant's Motion for Suppression of Evidence Obtained by Electronic Surveillance, [Docket No. 746], and upon Defendant's Motion to Sever, [Docket No. 748].

On October 9, 2015, Defendant, through counsel, submitted a letter indicating his intent to submit all of his motions, including his Motion for Suppression of Evidence Obtained by Electronic Surveillance, [Docket No. 746], and his Motion to Sever, [Docket No. 748], on the written submissions of the parties. (See Letter [Docket No. 872]). On October 19, 2015, the Court took the Defendant's motions under advisement on the written submissions of the parties.

For the reasons discussed below, the Court recommends **DENYING** Defendant's Motion for Suppression of Evidence Obtained by Electronic Surveillance, [Docket No. 746], and, also recommends, **DENYING** Defendant's Motion to Sever, [Docket No. 748].

I.   **BACKGROUND AND STATEMENT OF RELEVANT FACTS**[1]

The Government alleges that between April 2014, and April 2015, "the defendants, conspiring with and aiding and abetting one another and other persons known and unknown to

---

[1] Neither the Defendant nor the Government presented supplemental briefing on the present motion; therefore all facts presented are taken from the Indictment, [Docket No. 1].

the grand jury participated in various roles and ways to procure, transport, and distribute controlled substances including heroin, methamphetamine, oxycodone, hydromorphone, hydrocodone, and methadone to the communities in and surrounding the Red Lake Indian Reservation, the White Earth Indian Reservation, and Native American communities elsewhere." (Indictment, [Docket No. 1], at ¶ 1). The controlled substances were procured and transported from Detroit, Michigan; Chicago, Illinois; and Minneapolis, Minnesota, among other locations. (Id. at ¶ 2). The Indictment charges a total of forty-one (41) defendants as violating "Title 21, United States Code, Section 841(a)(1)." (Id. at ¶ 12, Count I).

Regarding the present Defendant, the Indictment alleges that Defendant, along with other co-defendants, "did, among other things, advise, facilitate, supervise, manage, transport, receive and transfer funds, and distribute controlled substances during the course of the conspiracy." (Id. at ¶ 4). The Indictment also alleges that Defendant's conduct as a member of the "narcotics conspiracy charged in Count 1, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count 1, involved 1 kilogram or more of a mixture and substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(A), and quantities of mixtures and substances containing detectable amounts of methamphetamine, oxycodone, hydromorphone, hydrocodone, and methadone, in violation of Title 21, United States Code, Section 841 (b)(1)(C)." (Indictment, [Docket No. 1], at ¶ 16).

## II.    DEFENDANT'S MOTION FOR SUPPRESION OF EVIDENCE OBTAINED BY ELECTRONIC SURVEILLANCE [DOCKET NO. 746]

The Court begins by noting that the present motion asserts it is brought on behalf of "Defendant Mark Goetz," who is not the present Defendant and is not one of the co-defendants in this case. (See Mot. for Suppression of Evidence Obtained by Electronic Surveillance [Docket

No. 746]). However, the caption does name the present Defendant, therefore, the Court will construe the motion as brought on behalf of the present Defendant, Willie Bellamy, Jr. (See Id.).

In his motion, Defendant moves the Court for an order "suppressing any and all evidence obtained from such surveillance, and any evidence derived there from, on the grounds that this evidence was obtained illegally." (Id.). While the Defendant does not specify, in the text of his motion, to what he refers when he states "such surveillance," the Court draws the inference from the title of the motion that Defendant is referring to electronic surveillance. (See Id.).

The Defendant does not assert any specific facts to establish that evidence obtained by electronic surveillance even exists in regard to him. However, the Government in its responsive briefing generally acknowledged that "law enforcement utilized court-authorized wiretap orders during the investigation of this case." (Gov. Resp. to Def.'s Mot., [Docket No. 798], at 4). Therefore, the Court, solely for the purpose of this motion, will assume that evidence obtained by electronic surveillance exist pertaining to the present Defendant.

However, the Defendant asserts no specific facts as to how or in what manner such evidence was illegally obtained. (See Mot. for Suppression of Evidence Obtained by Electronic Surveillance [Docket No. 746]). Defendant's motion consists of a mere boilerplate, generic assertion that the Court should suppress all evidence gathered by electronic surveillance. (Id.). The Government also offers no specific facts as to how such electronic surveillance evidence was obtained. (See Gov. Resp. to Def.'s Mot. [Docket No. 798])  As such, the Court cannot speculate on how any evidence was obtained (legally or illegally) by electronic surveillance.

"In motions to suppress evidence, a moving party must specify the statement or evidence which is sought to be suppressed, and articulate with clarity the factual and legal basis upon which each is sought to be suppressed." United States v. Quiroz, 57 F. Supp. 2d 805, 822 (D.

Minn. 1999) aff'd sub nom. United States v. Vasquez, 213 F.3d 425 (8th Cir. 2000). Where a defendant "alleges only the barest allegation of taint, . . . [s]uch allegations are not sufficient to require a[n evidentiary] hearing." United States v. Losing, 539 F.2d 1174, 1179 (8th Cir. 1976). Additionally, in light of Defendant's failure to advise the Court of any specific factual or legal grounds whatsoever that would support his motion to suppress evidence, the Court may recommend denying his Motion "on that basis alone." United States v. Jones, Crim. No. 09-260(1) (DWF/RLE), 2009 WL 4723341, at *4 (D. Minn. Oct. 30, 2009) (Erickson, C.M.J.) (citing United States v. Mims, 812 F.2d 1068, 1074 (8th Cir. 1987); and Quiroz, 57 F. Supp. 2d at 822–23 ("boilerplate motion" to suppress statements denied due to failure to satisfy specificity requirement)).

Because Defendant has provided this Court with no specific factual or legal grounds whatsoever as to why this Court should suppress evidence obtained by electronic surveillance, if in fact any even exist regarding this Defendant, the Court recommends that Defendant's Motion for Suppression of Evidence Obtained by Electronic Surveillance, [Docket No. 746], be **DENIED**.

### III.   DEFENDANT'S MOTION TO SEVER [DOCKET NO. 748]

Defendant moves the Court for an order, pursuant to Federal Rule of Criminal Procedure 14, severing his case from that of all of the other defendants in the present case. (Mot. to Sever [Docket No. 748]).

**a.   Standard of Review**

An indictment may charge two or more defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "For proper joinder under this

provision, it is not necessary that every defendant have participated in or be charged with each offense." United States v. Warfield, 97 F.3d 1014, 1019 (8th Cir. 1996) (internal quotation and citation omitted). "[R]arely, if ever, will it be improper for co-conspirator to be tried together." Id. (citing United States v. Jackson, 64 F.3d 1213, 1217 (8th Cir. 1995)).

The Federal Rules of Criminal Procedure also provide that if joinder creates prejudice to either the Government or a defendant, the Court may sever a trial "or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). However, "[i]f, under Rule 8, joinder is proper, then the defendant seeking severance has a 'heavy burden' in demonstrating that a joint trial will impermissibly infringe his right to a fair trial." United States v. Hopkins, No. 11–230 (DWF/SER), 2011 U.S. Dist. LEXIS 127071, at *25–26 (D. Minn. Oct. 5, 2011) (citing Warfield, 97 F.3d at 1019). "There is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993); see also United States v. Clay, 579 F.3d 919, 927 (8th Cir. 2009). "Joint trials play a vital role in the criminal justice system," because they achieve certain efficiencies, and because they "avoid[ ] the scandal and inequity of inconsistent verdicts." Richardson v. Marsh, 481 U.S. 200, 209–10 (1987). "Only in an unusual case will the prejudice resulting from a joint trial be substantial enough to outweigh the general efficiency of joinder." Clay, 579 F.3d at 927 (citing United States v. Al–Esawi, 560 F.3d 888, 891 (8th Cir. 2009)). "The risk of prejudice posed by joint trials is best cured by careful and thorough jury instructions." United States v. Mickelson, 378 F.3d 810, 818 (8th Cir. 2004).

**b. Analysis**

Defendant's Motion to Sever, [Docket No. 748], is conclusory and articulates no specific facts demonstrating either (1) that joinder of the defendants was improper under Rule 8(b), or (2) that continued joinder will create prejudice sufficient to warrant severance pursuant to Rule 14.

Defendant merely argues generally that severance is proper on the grounds that:

1. The jury will have insurmountable difficulty distinguishing the alleged acts of the various co-defendants from one another, all to the prejudice of the Defendant within the meaning of Fed. R. Crim. P. 14.
2. Evidence may be introduced which would be admissible only against the co-defendants but not the Defendant, all to the prejudice of the Defendant and in violation of Bruton v. United States, 391 U.S. 123 (1968).

(Mot. to Sever [Docket No. 748]).

The Defendant has offered no specific facts to support any of the foregoing general assertions. (See Id.). Defendant's motion as submitted on the present record is insufficient to sustain his heavy burden to demonstrate that severance is warranted. The Court could summarily recommend denying Defendant's motion on this basis alone. However, in an abundance of caution, the Court notes that in addition to the fact that Defendant has failed to sustain his burden, the underlying alleged facts relevant to the present case indicate that joinder was indeed proper under Rule 8(b) and that severance pursuant to Rule 14 is not warranted on the present record.

The underlying alleged facts articulated in support of the Indictment indicate that the Defendants participated in the same series of acts or transactions constituting offenses. See Fed. R. Civ. P. 8(b). The facts as set forth in the Indictment indicate that the defendants acting together conspired with others to possess, with intent to distribute, controlled substances including heroin, methamphetamine, oxycodone, hydromorphone, hydrocodone, and methadone.

(Indictment [Docket No. 1]). Accordingly, under Rule 8(b), joinder of the Defendants was proper where "they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses[,]" and it is not necessary that each Defendant have participated in each offense. Warfield, 97 F.3d at 1019 (citing Fed. R. Crim. P. 8). The facts set forth in the Indictment in the present case indicate that Defendant, along with other co-defendants and alleged co-conspirators, "did, among other things, advise, facilitate, supervise, manage, transport, receive and transfer funds, and distribute controlled substances during the course of the conspiracy." (Indictment, [Docket No. 1], at ¶ 4).

Because joinder of the Defendants was proper under Rule 8(b), Defendant necessarily bears the heavy burden of demonstrating that a joint trial will impermissibly infringe on his right to a fair trial. Nothing in the present record before the Court indicates that Defendant stands to incur any specific prejudice attributable to joinder of the Defendants sufficient to warrant severance.

Defendant's singular citation to Bruton v. Unites States, 391 U.S. 123 (1968), is also insufficient to show Defendant will incur any specific prejudice attributable to joinder of the Defendants sufficient to warrant severance. Defendant only generally asserts that evidence admitted against other co-defendants will prejudice Defendant, and Defendant only implies that such prejudice can only be cured by severance pursuant to Bruton. (See Mot. to Sever [Docket No. 748]). The Defendant has offered no specific facts or specific arguments to support this mere conclusory assertion.

In Bruton, the petitioner and a co-defendant had been convicted of armed robbery in a joint trial after a postal inspector testified that Bruton's codefendant had confessed and had "expressly implicat[ed]" the petitioner. Bruton, 391 U.S. at 124, 124 n. 1. The trial court

instructed the jury that the co-defendant's confession "if used, can only be used against the [co-defendant]. It is hearsay insofar as the [petitioner] is concerned, and you are not to consider it in any respect to the [petitioner], because insofar as he is concerned it is hearsay." Id. at 125 n. 2. The Supreme Court, however, concluded that:

> [T]he introduction of [the co-defendant's] confession posed a substantial threat to the petitioner's right to confront the witnesses against him, and this is a hazard we cannot ignore. Despite the concededly clear instructions to the jury to disregard [the co-defendant's] inadmissible hearsay evidence inculpating petitioner, in the context of a joint trial we cannot accept limiting instructions as an adequate substitute for petitioner's constitutional right of cross-examination. The effect is the same as if there had been no instruction at all.

Id. at 137. For that reason, the Supreme Court reversed the petitioner's conviction in Bruton. Id. at 126, 137.

However, even the Bruton court suggested that redaction from co-conspirator testimony may be sufficient to cure any prejudice caused by the introduction of a co-defendant's incrimination statement, and acknowledged that "[n]ot every admission of inadmissible hearsay or other evidence can be considered to be reversible error unavoidable through limiting instructions." Id. at 134 n. 10, 135. In Richardson v. Marsh, 481 U.S. 200 (1987), the Supreme Court further distinguished between co-defendant statements that are "facially incriminating," and statements which merely are "incriminating by connection." Id. at 209. When a co-defendant's statement is facially incriminating of the defendant, redaction or even severance may be required because it is more difficult for jurors to set aside such evidence. Id. at 208. However, the Court rejected the suggestion that the rule in Bruton extend to confessions that are incriminating by connection as both impractical and unnecessary. Id. at 208–09.

In the present case, Defendant has not supported his motion by identifying any specific incriminating co-defendant statements that he believes would, if introduced at trial, prejudice

8

him. Moreover, Defendant has not articulated any specific reason why the jury would be unable to compartmentalize any redacted statements or evidence upon being given proper instruction by the Trial Judge to do so. (See Mot. to Sever [Docket No. 748]).

As articulated above, there is a strong preference in the federal system for joint trials. In light of that preference, and at this early juncture, where Defendant can only invite the court to speculate as to what evidence the Government might actually seek to introduce at a joint trial, severance is not, at this time, appropriate. "Severance is a remedy that can be provided at the time of trial if appropriate under the circumstances." United State v. Billups, No. 06-cr-129 (PJS/AJB), F. Supp. 2d 697, 706 (D. Minn. 2006).

As such, for all the reasons articulated above, it is recommended that the Defendant's Motion to Sever be **DENIED** without prejudice.

## IV.   CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's Motion for Suppression of Evidence Obtained by Electronic Surveillance, [Docket No. 746], be **DENIED**, as set forth above; and
2. Defendant's Motion to Sever, [Docket No. 748], be **DENIED** without prejudice, as set forth above.

Dated: November 16, 2015                                          s/Leo I. Brisbois
                                                                              The Honorable Leo I. Brisbois
                                                                              U.S. MAGISTRATE JUDGE

**N O T I C E**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]"  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.