UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 15-165(8)(JRT/LIB)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | GOVERNMENT'S POSITION WITH RESPECT TO SENTENCING |
| (8) WILLIE (NMN) BELLAMY, JR., | |
| Defendant. | |

The United States of America, by and through its attorneys, Gregory G. Brooker, Acting United States Attorney for the District of Minnesota, and Deidre Y. Aanstad, Assistant United States Attorney, hereby submits its position with respect to sentencing of defendant Willie Bellamy, Jr.  For the reasons set forth below, the government respectfully requests that the Court vary from the recommended Sentencing Guidelines range and impose a sentence of 87 months of imprisonment followed by a term of supervised release.

## INTRODUCTION

On May 20, 2015, a 12-count Indictment was returned by a grand jury sitting in the District of Minnesota charging the defendant and 40 other individuals with conspiracy to distribute heroin, methamphetamine, oxycodone, hydromorphone, hydrocodone, and methadone, to the communities in and surrounding the Red Lake and White Earth Indian Reservations in the District of Minnesota and Native American communities elsewhere. (District Court Docket ("DCD") 1.)  The defendant was arrested on May 27, 2015, and released on an unsecured bond and conditions of release on June 9, 2015.  Subsequently,

the defendant entered a plea guilty to Conspiracy to Distribute Heroin as alleged in Count 1 of an Information on January 5, 2017.

I.  Offense Conduct

During the spring and summer of 2014, law enforcement began investigating the drug trafficking activities of Omar Sharif Beasley and his drug trafficking organization. According to information provided by community members as well as facts learned during the investigation, law enforcement was aware that Beasley was distributing large quantities of heroin in and around the Red Lake Indian Reservation. Further, Beasley was using local community members to assist him in the distribution of controlled substances. A break in the investigation came on October 3, 2014, when law enforcement from the Red Lake Police Department executed a warrant at a residence on the Red Lake Indian Reservation. Inside the residence, officers located several of the defendant's co-conspirators and approximately 1300 grams of heroin. All the individuals located inside the home were arrested on tribal or state charges.

As the investigation continued, law enforcement secured authorization to intercept telephone calls made by Beasley. While intercepting Beasley's telephone calls in March and April 2015, law enforcement identified the defendant as Omar Sharif Beasley's father and facilitator of heroin. Based on intercepted telephone calls, law enforcement determined that the defendant facilitated the introduction of Beasley to various sources of supply for heroin in Detroit, Michigan. In essence, the defendant would aid his son with

locating sources of supply with "good" heroin and facilitate the exchange of heroin from the sources of supply to Beasley.

Based on the defendant's admissions to the Court at the time of his change of plea hearing, the defendant facilitated the purchase and subsequent distribution of at least 1 kilogram but less than 3 kilograms of heroin in the District of Minnesota, namely in the communities on and surrounding the Red Lake and White Earth Indian Reservations.

II.     Prior Criminal History and Post-Charge Conduct

As outlined in the Presentence Report prepared in this matter, the defendant is no stranger to the criminal justice system. The defendant has been arrested for and served significant terms of imprisonment for violent crimes and drug trafficking-related offenses. Outlined below are the defendant's prior felony convictions:

| DATE | OFFENSE | SENTENCE |
| --- | --- | --- |
| 10/29/1969 | Armed Robbery and Kidnapping (Mt. Clemens, MI) | Approximately 6 years of imprisonment |
| 06/29/1977 | Felony Weapons and Heroin Possession (Detroit, MI) | 1 year of imprisonment and 3 years of probation |
| 08/21/1989 | Kidnapping (Memphis, TN) | 5 years of custody |
| 08/21/1989 | Robbery with a Deadly Weapon (Memphis, TN) | 7 years of custody |
| 09/21/2000 | Solicitation of a Felony (Memphis, TN) | 1 year custody |
| 03/13/1991 | Possession of less than 25 grams of cocaine (Detroit, MI) | 2 years' probation |
| 10/06/2008 | Conspiracy to Distribute a Controlled Substance (Eastern District of Kentucky) | 24 months |

Because of the defendant's prior convictions, the defendant is designated a Career Offender pursuant to the United States Sentencing Guidelines. This designation is discussed more fully in the following sections

## SENTENCING GUIDELINES CALCULATION

The district court should begin sentencing proceedings by correctly calculating the applicable Guidelines range. *Gall v. United States*, 552 U.S. 38, 49 (2007). In this matter, the defendant pled guilty to Conspiracy to Distribute heroin. Based on the statutory provisions contained in the defendant's plea agreement, the offense carries a mandatory minimum sentence of 60 months' imprisonment. In addition to this mandatory minimum sentence, the Sentencing Guidelines are applicable. Here, the PSR correctly determined that the adjusted offense level for conspiracy to distribute heroin is 30. (PSR ¶ 123.) Further, based on the defendant's criminal history, the PSR accurately determined that the defendant qualified as a Career Offender under U.S.S.G. § 4B1.1. Accordingly, the defendant's offense level was adjusted to 34. (PSR ¶ 129.) The PSR correctly deducted three levels from the adjusted offense level for acceptance of responsibility. (PSR ¶¶ 131-132.) Thus, the PSR ultimately concluded that the defendant's Guidelines range for Conspiracy to Distribute Heroin was 188 months to 235 months. (PSR ¶ 182.) Neither the government nor the defendant have objections to this Guidelines calculation.

Here, the Court should begin with the appropriate guidelines calculations. Nonetheless, for the reasons outlined in the next section, the government respectfully requests that the Court vary from the calculated Guidelines range and impose a sentence of

87 months' imprisonment for conspiring to distribute heroin by facilitating the purchase of heroin for Omar Beasley and his drug trafficking organization in northern Minnesota.

## SECTION 3553(a) SENTENCING FACTORS

In determining a sentence sufficient, but not greater than necessary, to accomplish the federal sentencing goals outlined in 18 U.S.C. § 3553, a Court must examine multiple factors including the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, (b) to afford adequate deterrence to criminal conduct, (c) to protect the public from further crimes of the defendant, and (d) to provide the defendant with needed educational and vocational training, medical care or other correctional treatment in the most effective manner; and the need to avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a). In this case, considering all of the sentencing factors, the government respectfully submits that a sentence of 87 months' imprisonment is appropriate for the defendant. Such a sentence would be sufficient, but not greater than necessary, to accomplish the federal sentencing goals in this case.

I.   Nature and Circumstances of the Offense

Here, the defendant admitted that he facilitated the purchase of heroin from known sources of supply in the Detroit area. (PSR ¶ 119.) For numerous months in 2014 and 2015, the defendant helped his son secure between one and three kilograms of heroin from sources of supply. Omar Beasley would not have continued in the drug trafficking business

without the aid of his father. The defendant contributed to a significant heroin epidemic in northern Minnesota - both on the Red Lake Indian Reservation and the White Earth Indian Reservation.

Based upon the nature and circumstances of the offense, a sentence of 87 months' imprisonment is a fair and just sentence.

II.   History and Characteristics of the Defendant

The defendant is 69 years of age with significant medical issues. However, neither the defendant's age nor his medical issues stopped him from helping his son poison a community. The defendant has a significant record that resulted in a Career Offender status. The defendant served a 24-month sentence for a federal case when he was 58 years of age. He was still on supervised release when he facilitated the supply of heroin for his son.

Despite his lengthy and significant criminal history, the government believes that a variance from the Guidelines range is appropriate. The government notes that one of the convictions that make him a Career Offender was imposed almost 25 years prior to this offense. Thus, the defendant should receive some benefit based on his criminal history as well as his medical condition.

Based on a totality of the defendant's characteristics and criminal history, a variance from the Guidelines range resulting in a sentence of 87 months' imprisonment is fair and just.

III.   A Fair and Just Sentence

In evaluating what is a sufficient, but not greater than necessary, sentence, the Court must examine several societal factors in addition to the specific factors surrounding the offense and the defendant.  Namely, the Court must impose a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense.  Further, the Court must impose a sentence that affords adequate general and specific deterrence to criminal conduct.  Here, a sentence of 87 months' imprisonment balances all these societal and personal factors.  To promote respect for the law and reflect the seriousness of the offense, the defendant must be punished for his actions.  Further, there must be an adequate sentence in hopes of deterring others from becoming those connections that allow an entire community to be impacted.  Finally, the defendant's sentence should be commensurate with his co-defendants that are similarly situated.

## CONCLUSION

The government respectfully requests that the Court impose a sentence of 87 months' imprisonment.  This sentence is reasonable as guided by the factors outlined in 18 U.S.C. §§ 3553(a).

Dated: June 29, 2017                                Respectfully Submitted,

                                                    GREGORY G. BROOKER
                                                    Acting United States Attorney

                                                    *s/Deidre Y. Aanstad*

                                                    BY:  DEIDRE Y. AANSTAD
                                                    Assistant U.S. Attorney
                                                    Attorney ID No. 0331788